**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| AARON RENSHAW § | |
|    TDCJ-CID #1201559, § | |
|           Plaintiff, § | |
| § | |
| VS. § | C.A. NO. C-07-149 |
| § | |
| FELICIA RODRIGUEZ, ET AL., § | |
|           Defendants. § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION**

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No.104-134, 110 Stat. 1321(1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that plaintiff's action be dismissed for failure to state a claim and/or as frivolous.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID), and is currently incarcerated at the Byrd Unit in Huntsville, Texas, although his complaint concerns certain parole officers and officials who reside in Nueces County, Texas. He filed this action on March 29, 2007, alleging that defendants violated his constitutional rights by fabricating charges against him in order to revoke his parole. He named as defendants his parole officer, Felicia Rodriguez; Officer Rodriguez' supervisors, Rosie Ramos and Leo Lopez; two other parole officers, Ernie Arredondo and Thomas Sanchez; and a parole agent, Norma Smith.

Plaintiff claims that, on an unidentified date, Officer Rodriguez falsified documents against him to have him sent back to prison. He claims that she did this in retaliation for his asking that she be investigated for tampering with his parole documents. As a result of her efforts, he was arrested and sent back to prison. Since being in prison, he has been assaulted, is now in a wheelchair, and has suffered a heart attack. He attributes these injuries to Officer Rodriguez.

Plaintiff claims further that Officer Rodriguez' supervisors, Rosie Ramos and Leo Lopez, were both aware of Officer Rodriguez' illegal activities because he complained to them, but that they did nothing to stop her. He claims that Officer Arredondo and Officer

Sanchez had documentation to demonstrate that he was innocent of the fabricated charges, but that these defendants deliberately withheld exonerating evidence from his parole violation hearing. Plaintiff claims that Parole Agent Smith had him locked down in a Houston facility for eighty-eight days with no TV, phones, recreation, or contact with any person. He claims that, as a combined result of defendants' efforts to deprive him of his freedom, his health has suffered, and that defendants were deliberately indifferent to his serious medical needs. He seeks monetary damages in an unspecified amount.

### III. DISCUSSION

**A.     Legal standard.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)(per curiam) (citations); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.     Premature claims.**

Plaintiff claims that defendants have violated his constitutional rights under the Sixth, Eighth and Fourteenth Amendment.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for unconstitutional imprisonment, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck applies to parole revocation proceedings. See Clarke v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

There is no indication that plaintiff has filed a habeas corpus action challenging the revocation of his parole. Thus, plaintiff cannot demonstrate that his parole was unlawfully revoked or that his current detention is unlawful; therefore, his claims for damages are not properly raised at this time. It is thus recommended that his claims for damages be dismissed as frivolous and for failure to state a claim.

## IV. **RECOMMENDATION**

Plaintiff has failed to state a claim upon which § 1983 relief can be granted. His request for damages is not cognizable unless and until he can demonstrate that the allegedly unconstitutional parole decision has been set aside. Accordingly, it is respectfully recommended that plaintiff's § 1983 claims for damages be dismissed for failure to state a claim and as frivolous. See 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

It is further recommended that, because this is a dismissal described by 28 U.S.C. § 1915(g) ( a "strike" for frivolous filing), that the Court instruct the Clerk to provide copies of the dismissal order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

To the extent plaintiff's claims are habeas in nature, it is recommended that those claims be dismissed without prejudice.

Respectfully submitted this 27th day of April, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).