UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AARON RENSHAW, §<br>    Plaintiff §<br> §<br>v. §<br> §<br>FELICIA RODRIGUEZ, et al., §<br>    Defendants § | C.A. No. C-07-149 |

### ORDER TO DISMISS

On April 27, 2007, the United States Magistrate Judge filed a Memorandum and Recommendation in this case (D.E. 8). Plaintiff filed objections (D.E. 12). Having reviewed the recommendation, the pleadings on file, and Plaintiff's objections, the Court adopts in part the findings and conclusions of the Magistrate Judge.

The issue before the Court is whether Plaintiff's complaint is ripe. Plaintiff filed a complaint under 42 U.S.C. §1983 against several parole officials. He claims (1) his parole was illegally revoked, (2) he was "locked down" for 88 days with no TV, phones, recreation, or human contact, and (3) Defendants were deliberately indifferent to his serious medical needs. The Magistrate Judge's memorandum only addresses parole revocation. She recommends the Court dismiss this claim because it is frivolous and fails to state a claim for which relief can be granted. The basis for her recommendation is that the claim is premature under *Heck v. Humphrey*, 512 U.S. 477 (1994).

1

Under *Heck v. Humphrey*, in order to recover damages for an unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). An action attacking the validity of parole proceedings necessarily calls into question the fact and duration of confinement.[1] *McGrew v. Texas Board of Pardons & Paroles, et al.*, 47 F.3d 158, 161 (5th Cir. 1995) (citing *Jackson v. Torres*, 720 F.2d 877 (5th Cir. 1983)). Therefore, the *Heck* test also applies to proceedings that affect the fact or duration of parole. *Jackson v. Vannoy*, 49 F.3d 175, 177 (1995).

Plaintiff clarifies in his objections that he is challenging improprieties that occurred at his parole revocation proceeding. He claims the procedures used at his parole revocation hearing were unconstitutional. For example, he claims his parole officer made false statements and tampered with documents in his parole file and that Defendants did not provide evidence to Plaintiff until the day of the hearing. Plaintiff is currently in custody, but he has not alleged that the conviction or sentence imposed as a result of the revocation proceeding has been invalidated. The Court finds Plaintiff's complaint regarding parole revocation does not satisfy the *Heck* test, and therefore, fails to state a § 1983 cause of action for which relief can be granted.

---

[1] Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th 1983).

The Magistrate Judge does not address Plaintiff's claim of deliberate indifference to his serious medical needs. Such a claim can be brought under 42 U.S.C. §1983. *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Court finds Plaintiff's deliberate indifference claim has been properly raised under 42 U.S.C. §1983.

Plaintiff's claim regarding parole revocation is DISMISSED. To the extent this claim is habeas in nature, it is DISMISSED without prejudice. The Court remands Plaintiff's remaining claims to the Magistrate Judge for service on Defendants and pretrial case management.

ORDERED this _24_ day of _Aug_____, 2007.

HAYDEN HEAD
CHIEF JUDGE